**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

KRIS LORD,

                Plaintiff,

  -against-

DOORDASH, INC., and
UBER TECHNOLOGIES, INC.

                Defendant.

-------------------------------------------------------------X

Case No. 1:23-cv-03577

**DEFENDANT DOORDASH, INC.'S ANSWER TO COMPLAINT**

Hon. Ann M. Donnelly

Magistrate Judge Robert M. Levy

Defendant DoorDash, Inc. ("DoorDash"), by and through undersigned counsel, denies each and every allegation in the Complaint not expressly and specifically admitted herein.

1. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 1 of the Complaint and therefore denies the same.

2. DoorDash denies the allegations contained in Paragraph 2 of the Complaint.

3. DoorDash denies the allegations contained in Paragraph 3 of the Complaint.

4. DoorDash admits its primary place of business is 303 2nd St., South Tower Suite 800, San Francisco, CA 94107. DoorDash denies the remaining allegations contained in Paragraph 5 of the Complaint.

5. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 5 of the Complaint and therefore denies the same.

6. DoorDash denies the allegations contained in Paragraph 6 of the Complaint as it applies to DoorDash. DoorDash is without sufficient knowledge or information to admit or deny

the allegations contained in Paragraph 6 to the extent it applies to Defendant Uber Technologies, Inc. and therefore denies the same.

7.      DoorDash denies the allegations contained in Paragraph 7 of the Complaint as it applies to DoorDash. DoorDash is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 to the extent it applies to Defendant Uber Technologies, Inc. and therefore denies the same.

8.      DoorDash is without sufficient knowledge or is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 8 of the Complaint and therefore denies the same.

9.      DoorDash is without sufficient knowledge or is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 8 of the Complaint and therefore denies the same.

10.     DoorDash denies the allegations contained in Paragraph 10 of the Complaint.

11.     DoorDash admits that Plaintiff's account with DoorDash was used to place an order with Jamaica Fish Market on March 19, 2023 at 7:18 pm with the delivery address instruction of "Hand it to me," and that the total order value was $57.39.  DoorDash is without sufficient knowledge or is without knowledge or information sufficient to admit or deny the remaining allegations stated in Paragraph 11 of the Complaint and therefore denies the same.

12.     DoorDash denies the allegations in Paragraph 12 of the Complaint as DoorDash was not a party involved in the referenced communications.  Based on its records, however, DoorDash admits that a third-party independent contractor fulfilling orders via DoorDash's

platform (a "Dasher") called a phone number associated with Plaintiff's DoorDash account at 7:47 pm on March 19, 2023.

13. DoorDash denies that it coerced Plaintiff to leave his home to travel to the plaintiff's location or to any other location. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 13 of the Complaint and therefore denies the same.

14. DoorDash admits that the order placed from Plaintiff's DoorDash account as referenced in Paragraph 11 of the Complaint was canceled. DoorDash is without knowledge or information sufficient to admit or deny the remaining allegations stated in Paragraph 14 of the Complaint and therefore denies the same.

15. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 15 of the Complaint and therefore denies the same.

16. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 16 of the Complaint and therefore denies the same.

17. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 17 of the Complaint and therefore denies the same.

18. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 18 of the Complaint and therefore denies the same.

19. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 19 of the Complaint and therefore denies the same.

20. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 20 of the Complaint and therefore denies the same.

21. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 21 of the Complaint and therefore denies the same.

22. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 22 of the Complaint and therefore denies the same.

23. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 23 of the Complaint and therefore denies the same.

24. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 24 of the Complaint and therefore denies the same.

25. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 25 of the Complaint and therefore denies the same.

26. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 26 of the Complaint and therefore denies the same.

27. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 27 of the Complaint and therefore denies the same.

28. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 28 of the Complaint and therefore denies the same.

29. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 29 of the Complaint and therefore denies the same.

30. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 30 of the Complaint and therefore denies the same.

31. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 31 of the Complaint and therefore denies the same.

32. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 32 of the Complaint and therefore denies the same.

33. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 33 of the Complaint and therefore denies the same.

34. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 34 of the Complaint and therefore denies the same.

35. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 35 of the Complaint and therefore denies the same.

36. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 36 of the Complaint and therefore denies the same.

37. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 37 of the Complaint and therefore denies the same.

38. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 38 of the Complaint and therefore denies the same.

39. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 39 of the Complaint and therefore denies the same.

40. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 40 of the Complaint and therefore denies the same.

41. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 41 of the Complaint and therefore denies the same.

42. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 42 of the Complaint and therefore denies the same.

43. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 43 of the Complaint and therefore denies the same.

44. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 44 of the Complaint and therefore denies the same.

45. DoorDash denies the allegations contained in Paragraph 45 of the Complaint as it applies to DoorDash. DoorDash is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 45 of the Complaint to the extent it applies to Defendant Uber Technologies, Inc. and therefore denies the same.

46. DoorDash denies the allegations contained in Paragraph 46 of the Complaint as it applies to DoorDash. DoorDash is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 46 of the Complaint to the extent it applies to Defendant Uber Technologies, Inc. and therefore denies the same.

47. DoorDash is without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 47 of the Complaint and therefore denies the same.

48. DoorDash denies the allegations contained in Paragraph 48 of the Complaint as it applies to DoorDash. DoorDash is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 48 of the Complaint to the extent it applies to Defendant Uber Technologies, Inc. and therefore denies the same.

49. DoorDash denies the allegations in Paragraph 49 of the Complaint.

50. DoorDash denies the allegations in Paragraph 50 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against DoorDash upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over DoorDash because any relationship that exists between DoorDash and Plaintiff is subject to a valid and enforceable arbitration agreement.

**THIRD AFFIRMATIVE DEFENSE**

Venue is improper in this Court as to DoorDash because any relationship that exists between DoorDash and Plaintiff is subject to a valid and enforceable arbitration agreement.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff, by his own conduct and actions, has waived his right to assert the purported claims contained in the Complaint, and each purported cause of action therein, against DoorDash.

**FIFTH AFFIRMATIVE DEFENSE**

DoorDash denies the allegations of liability, causation, and responsibility for alleged damages asserted by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred because DoorDash's actions, conduct, and decisions were based on legitimate, non-discriminatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged therein, fails because Plaintiff's alleged damages were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by DoorDash.

## EIGHTH AFFIRMATIVE DEFENSE

No employment, agency, partnership, joint venture, or similar relationship existed between DoorDash and the third-party courier at any time relevant to this instant action, and therefore, there is no basis to impute liability on DoorDash for the alleged acts and/or omissions of the third-party courier or other persons relevant to this action.

## NINTH AFFIRMATIVE DEFENSE

DoorDash did not control or direct any third-party courier, who was at all times working on behalf of their own business and was responsible for their own means and methods, thereby making the doctrines of respondent superior, agency, and vicarious liability inapplicable to this matter.

## TENTH AFFIRMATIVE DEFENSE

Prior to the incident, DoorDash had no actual or constructive knowledge of any alleged discriminatory conduct on behalf of the third-party courier.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint alleges an intentional criminal act for which no liability may be imputed to DoorDash.

### TWELFTH AFFIRMATIVE DEFENSE

DoorDash acted at all times in good faith and with reasonable care.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent Plaintiff failed to exhaust his non-judicial administrative remedies.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine(s) of estoppel, laches, and unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged therein, fails to the extent that Plaintiff is estopped from bringing legal claims against DoorDash based on the actions of independent third-party transportation providers because of the acknowledgments Plaintiff made when he accepted DoorDash's Terms and Condition, among other reasons.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged therein, is barred because Plaintiff had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action alleged therein, fails because Plaintiff's claims for damages are precluded to the extent that such damages are speculative.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If the negligence, fault, or carelessness of other persons or entities, for whose actions DoorDash is neither responsible nor liable, was the sole, intervening or superseding cause of Plaintiff's damages, any recovery by Plaintiff against DoorDash is barred.

### NINETEENTH AFFIRMATIVE DEFENSE

If the injuries and/or alleged damages in the Complaint occurred at all (which DoorDash denies), such injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of an intervening and superseding cause.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent that all necessary and indispensable parties have not been joined in this action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint and each purported cause of action therein, or some of them, are barred, or any recovery should be reduced, because, if Plaintiff has suffered any damage (which DoorDash

denies), such damage was proximately caused by factors other than the actions of DoorDash or anyone acting on its behalf or in its employ.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent as may be shown by the evidence through discovery, DoorDash avers that the affirmative defenses of arbitration and release are applicable pursuant to that C.P.L.R. § 3018.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

DoorDash is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute in New York and/or any other law or statute that may be applicable.

## DEFENSES RESERVED

DoorDash reserves the right to assert any additional defenses as may become available through investigation and discovery and to adopt and assert any defenses raised or asserted by any other Defendant, if any, to this action.

Dated: June 20, 2023

Respectfully submitted,

By: *s/ Michael Vatis*
Michael Vatis
Benesch, Friedlander, Coplan & Aronoff LLP
1155 Avenue of the Americas
26th Floor
New York, NY 10036
Telephone: (646) 328-0494
Email: mvatis@beneschlaw.com